IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | **CIVIL ACTION NO.** |
| Plaintiff, | ) ) | **COMPLAINT** |
| v. | ) ) ) | **JURY TRIAL DEMAND** |
| **KAREMORE HEALTHCARE SERVICE, LLC d/b/a RIGHT AT HOME,** | ) ) ) | |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex (female) and retaliation and to provide appropriate relief to Starr C. Marlow who was adversely affected by such practices. Specifically, Plaintiff United States Equal Employment Opportunity Commission (the "Commission") alleges that Defendant KareMore Healthcare Service, LLC d/b/a Right at Home ("Defendant") subjected Ms. Marlow to a sexually hostile work environment resulting in her discharge. The Commission further alleges Defendant discharged Ms. Marlow in retaliation for opposing practices she reasonably believed were in violation of Title VII of the Civil Rights Act of 1964.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f) (1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII of the Civil Rights Act and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a North Carolina limited liability company doing business in the State of North Carolina and the County of Catawba, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701 (b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Starr C. Marlow filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. From on or about March 21, 2005 until on or about April 12, 2005, Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). Specifically, Defendant subjected Starr C. Marlow to sexual harassment that created a sexually hostile work environment based on her sex, female. The harassment

included but was not limited to, unwelcome sexual comments and touching by a male individual at Ms. Marlow's assigned work site. Although Ms. Marlow complained about the sexual harassment and Defendant otherwise knew or reasonably should have known about the sexual harassment, Defendant failed to take prompt and effective corrective action to end the sexual harassment. As a result, Ms. Marlow continued to be sexually harassed, which ultimately resulted in Ms. Marlow being discharged.

8. On or about April 12, 2005, Defendant engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a), by discharging Ms. Marlow because she opposed the sexual harassment which she reasonably believed to be unlawful under Title VII. Ms. Marlow opposed the sexual harassment by: (i) making one or more verbal complaints; and (ii) engaging in conduct designed to protect herself from being physically touched by the male individual who was subjecting her to sexual harassment.

9. The effect of the practices complained of in paragraphs 7 and 8 above has been to deprive Ms. Marlow of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex and because of her opposition to employment practices that she reasonably believed to be declared unlawful by Title VII.

10. The unlawful employment practices complained of in paragraphs 7 and 8 above were intentional.

11. The unlawful employment practices complained of in paragraphs 7 and 8 above were done with malice or with reckless indifference to the federally protected rights of Ms. Marlow.

# PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in sexual harassment and any other employment practice that discriminates on the basis of sex.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from discriminating against current or former employees based on their opposition to unlawful employment practices or employment practices which the employee reasonable believes to be declared unlawful by any statute enforced by the Commission.

D. Order Defendant to make Starr C. Marlow whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices described in paragraphs 7 and 8 above, including but not limited to reinstatement of Starr C. Marlow or an award of front pay.

E. Order Defendant to make Starr C. Marlow whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 8 above, including but not limited to job search expenses, in amounts to be determined at trial.

F.  Order Defendant to make Starr C. Marlow whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraphs 7 and 8 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and loss of civil rights, in amounts to be determined at trial.

G.  Order Defendant to pay Starr C. Marlow punitive damages for its malicious and reckless conduct described in paragraphs 7 and 8 above, in amounts to be determined at trial.

H.  Grant such further relief as the Court deems necessary and proper in the public interest.

I.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 6th day of September 2006.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

 /s/ Lynette A. Barnes
LYNETTE A. BARNES
Regional Attorney

TINA BURNSIDE
Supervisory Trial Attorney

 /s/ Kara Gibbon Haden
KARA GIBBON HADEN
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: 704.344.6887
Facsimile: 704.344.6780

ATTORNEYS FOR PLAINTIFF