IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. 5:06CV00118 |
| Plaintiff, | ) ) | |
| v. | ) ) | CONSENT DECREE |
| KAREMORE HEALTHCARE SERVICE, LLC d/b/a RIGHT AT HOME, | ) ) ) ) | |
| Defendant. | ) ) | |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's Complaint alleged that Defendant KareMore Healthcare Service, LLC d/b/a Right at Home ("Defendant") subjected Starr Marlow to a sexually hostile work environment because of her sex, female, and discharged her in retaliation for her opposition to the sexual harassment.

The Commission and the Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Commission's complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent

Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of sex or any other protected category within the meaning of Title VII.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay damages in the amount of Two Thousand Five Hundred Dollars ($2,500.00) in settlement of the claims raised in this action. Defendant shall make payment by issuing a check payable to Starr Marlow. Payment shall be made within fifteen (15) days after the Court approves this Consent Decree, and Defendant shall mail the check to Ms. Marlow at an address provided by the Commission. Within ten (10) days after the check has been sent, Defendant shall mail to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202, a copy of the check and proof of its delivery to Ms. Marlow.

4. Defendant agrees to provide a positive letter of reference, a copy of which is attached hereto as Appendix A, for Starr Marlow. In addition, if Defendant receives any inquiries regarding the employment of Ms. Marlow, in lieu of an oral response, Defendant shall provide a copy of the aforementioned letter.

5. Within ten (10) days of the entry of this decree by the Court, Defendant shall eliminate from the employment records of Starr Marlow any and all documents, entries, or

references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 140-2005-04745, and the related events that occurred thereafter. Within fifteen (15) days of the entry of this decree by the Court, Defendant shall report compliance with this provision to the Commission.

6. Within thirty (30) days of the entry of this Decree by the Court, Defendant shall revise its written anti-discrimination policy to include (1) a statement that it is against the law for anyone, including but not limited to clients, client family members, and employees, to sexually harass an employee, and (2) a statement that it is against the law to retaliate against an employee for reporting harassment and that Defendant will not retaliate against employees who report harassment. Defendant shall distribute to its current employees a copy of the revised policy within the aforementioned 30 day time period. Within forty-five (45) days of the entry of this Decree, Defendant shall report compliance to the Commission. During the term of this Decree, Defendant shall distribute the revised policy to all new employees and train all new employees on the policy at the time of hire.

7. During the term of this Decree, Defendant shall post a copy of its policy described in paragraph 6, *supra*, in each office it maintains in a place where it is visible to employees. Within forty-five (45) days after the Consent Decree is entered, Defendant will post its policy and notify the Commission that it has been posted. If a policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy.

8. During the term of this Decree, Defendant shall provide at least two training programs to all of its managers, supervisors and employees. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its prohibition against sexual harassment and retaliation in the workplace. Each training program

shall also include an explanation of Defendant's policy referenced in paragraph 6, *supra*, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within sixty (60) days after entry of the decree by the Court. The second training program shall be conducted approximately two years after the first. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission that the training was completed.

9. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Appendix B, hereby made a part of this Decree, in a place where it is visible to employees at its facilities. If a Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

10. During first two (2) years of the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due six (6) months after approval by the Court of this Decree. The reports will include the following information:

    A.    the identities of all individuals who have reported or complained of sexual harassment or sexual conduct, including by way of identification each person's name, last known telephone number and address, social security number, and job title;

    B.    for each individual identified in 10.A. above, provide a detailed description of the individual's report/complaint and what action, if any, Defendant took in response to the report/complaint;

    C.    for each individual identified in 10.A. above, explain whether the individual's employment status has changed in any respect (for example,

including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time); and

D. for each individual whose employment status has changed as identified in 10.C. above, provide a detailed statement explaining why the individual's employment status has changed.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

11. The Commission may review compliance with this Decree. As part of such review, the Commission may inspect Defendant's facilities, interview employees and examine and copy documents.

12. If anytime during the term of this Decree, the Commission believes that the Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to the Defendant. The Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the Commission and the Defendant shall have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

13. The term of this Decree shall be for four (4) years from its entry by the Court.

14. All reports or other documents sent to the Commission by Defendant pursuant to this Decree shall be sent to: Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202.

15. Each party shall bear its own costs and attorney's fees.

16. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate. The Decree shall expire by its own terms at the end of four (4) years without further action by the parties.

IT IS SO ORDERED.        Signed: February 27, 2007

_Carl Horn, III_

Carl Horn, III
United States Magistrate Judge 

The parties jointly request that the Court approve and enter the Consent Decree:

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff | KAREMORE HEALTHCARE SERVICE, LLC d/b/a RIGHT AT HOME, Defendant |
| RONALD S. COOPER<br>General Counsel | **s/ Stephen L. Palmer**<br>FORREST A. FERRELL, Esq.<br>(NC Bar No. 1439)<br>Email: forrest.ferrell@sigmonclark.com |
| JAMES L. LEE<br>Deputy General Counsel | STEPHEN L. PALMER, Esq.<br>(NC Bar No. 24455) |
| GWENDOLYN YOUNG REAMS<br>Associate General Counsel | Email: stephen.palmer@sigmonclark.com<br>Sigmon, Clark, Mackie, Hutton, Hanvey & Ferrell |
| **s/ Lynette A. Barnes**<br>LYNETTE A. BARNES<br>Regional Attorney<br>(NC Bar No. 19732)<br>Email: lynette.barnes@eeoc.gov | Post Office Drawer 1470<br>Hickory, NC 28603<br>Telephone:     828.328.2596<br>Facsimile:     828.324.1643 |

TINA BURNSIDE
Supervisory Trial Attorney
(WI Bar No. 1026965)
Email: tina.burnside@eeoc.gov

   **s/ Kara Gibbon Haden**
KARA L. GIBBON HADEN
Senior Trial Attorney
(NC Bar No. 26192)
Email:  kara.haden@eeoc.gov
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone:     704.344.6887
Facsimile:     704.344.6780

6

[Defendant's letterhead]

[Date]

TO WHOM IT MAY CONCERN:

We are pleased to provide the following reference on behalf of our former employee, Starr C. Marlow.

Ms. Marlow was employed by Karemore Healthcare Service, LLC d/b/a Right at Home as an In-Home Aide between February 23, 2005 and April 12, 2005. Her ending salary was $_____ per hour. Ms. Marlow was a reliable employee who possesses skills as an In-Home Aide.

We hope that this information about Ms. Marlow is helpful to you in considering her for employment.

Sincerely,


[Typed name of company president]
President, Karemore Healthcare Service, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br>         Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KAREMORE HEALTHCARE SERVICE, ) <br> LLC d/b/a RIGHT AT HOME, ) <br>         Defendant. ) <br> _____) | CIVIL ACTION NO. 5:06CV00118 <br><br> **EMPLOYEE NOTICE** |

1. This Notice is posted pursuant to an agreement between the U.S. Equal Employment Opportunity Commission and KareMore Healthcare Service, LLC d/b/a Right at Home ("Right at Home").

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3. Right at Home will comply with such federal laws in all respects. Furthermore, Right at Home will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least four (4) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2011.

**APPENDIX B**